Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YOONMIN CHO, <br><br> Plaintiff, <br><br> vs. <br><br> GC SERVICES LIMITED PARTNERSHIP and JOHN DOES 1 to 10, <br><br> Defendants. | Civil Action No. <br><br><br> **COMPLAINT** |

Plaintiff, Yoonmin Cho, by way of Complaint against Defendants, GC Services Limited Partnership and John Does 1 to 10 says:

### I.    NATURE OF THE ACTION

1.    This action for damages arises from the collection agency's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

### II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendant regularly does business in this district and has caused harm in this district.

### III.    PARTIES

4.    Plaintiff, Yoonmin Cho ("Plaintiff" or "Cho"), is a natural person residing in Saddle

Brook, New Jersey in Bergen County.

5. Defendant, GC Services Limited Partnership ("Defendant" or "GCS") is a collection agency with an office located at 6330 Gulfton, Houston, TX 77081.

6. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV.   FACTS

7. Defendant is a limited partnership engaged in the collection business.

8. Defendant is not in the business of extending credit, selling goods or services to consumers.

9. Defendant regularly collects or attempts to collect debts.

10. Defendant regularly collects or attempts to collect defaulted debts.

11. Defendant regularly collects or attempts to collect debts allegedly owed to others.

12. Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

13. Defendant is in the business of collecting defaulted debts or alleged debts of natural persons.

14. When attempting to collect debts, Defendant uses the mails, telephone, the internet and other instruments of interstate commerce

15. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation arising from an account originating from JPMorgan Chase Bank ("Debt" or "Account").

16. The Debt is alleged to arise from one or more transactions.

17. The Debt arose from one or more transactions which were primarily for Plaintiff's

personal, family, or household purposes.

18. The Account is past-due.

19. Defendant contends that the Account is in default.

20. The Account was assigned to Defendant for the purpose of collecting the Debt.

21. The Account was past-due or in default when it was placed with or assigned to Defendant for collection.

22. In an attempt to collect the Debt, Defendant mailed a collection letter to Plaintiff on or about July 22, 2014.

23. The letter was mailed by Defendant in an attempt to collect the Debt.

24. A true copy of the letter, but with redactions, is attached as Exhibit A.

25. The letter was mailed in a window envelope.

26. Being sent in a window envelope, Plaintiff's personal and financial account information associated with the Debt was unlawfully exposed through the window envelope.

27. Being sent in a window envelope, a combination of digits and letters which connote the letter was being sent for collection purposes, was unlawfully exposed through the window envelope.

28. Being sent in a window envelope, languages and symbols, other than Defendant's address was unlawfully exposed through the window envelope.

29. Upon receipt of the letter, Plaintiff viewed the same.

30. The letter was the first letter or writing Defendant sent to Plaintiff in an attempt to collect the Debt.

31. The letter fails to state that the communication is from a debt collector.

32. It is the policy and practice of Defendant to send written collection communications, in

the form attached as Exhibit A, in an attempt to collect alleged consumer debts, in violation of the FDCPA.

## V.     VIOLATIONS OF THE FDCPA

33.     Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

34.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

35.     The debt owed or allegedly owed by Plaintiff is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

36.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

37.     Defendant is not a "creditor" as defined by 15 U.S.C. § 1692a(4).

38.     The letter was sent by Defendant in an attempt to collect the Debt.

39.     The letter, copy of which appear as Exhibit A, is a "communication" as defined by 15 U.S.C. § 1692a(2).

40.     Defendant's use of the written communication in the form attached as Exhibit A violated the FDCPA in one or more of the following ways:

   a.    Defendant used false, deceptive, and misleading representation and/or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

   b.    Defendant used false representation and deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10);

   c.    Defendant failed to disclose that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11);

   d.    Defendant used unfair or unconscionable means to collect or attempt to collect a

debt, in violation of 15 U.S.C. § 1692f; and

e. Defendant used languages or symbols, other than debt collector's address, on the envelope when communicating with a consumer by use of the mails, in violation of 15 U.S.C. § 1692f(8).

41. The violations of the FDCPA described herein constitute *per se* violations.

42. Based on any one of those violations, Defendant is liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

43. **WHEREFORE**, Plaintiff, Yoonmin Cho, demands judgment against Defendants, GC Services Limited Partnership and John Does 1 to 10 as follows:

A. Damages in favor of Plaintiff;

B. Attorney's fees, litigation expenses, and costs; and

C. For such other and further relief as this Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## VII. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

*s/ Yongmoon Kim*
Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, NJ 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

Dated: February 6, 2015